IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LORELEE M. FARRELL, et al.,        :

    Plaintiffs,                    :

v.                                 :
                         Civil Action No. GLR-16-2262
BOARD OF EDUCATION OF ALLEGANY     :
COUNTY, et al.,
                         :

    Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants', Board of Education of Allegany County (the "Board"), David A. Cox, Benjamin Brauer, and Sheree Witt, Motion to Dismiss (ECF No. 6). This 42 U.S.C. § 1983 action arises from Plaintiffs', Lorelee M. Farrell and Robert S. Farrell, involvement in the Board's 2014 election and the subsequent end of their employment with Allegany County Public Schools ("ACPS"). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant in part and deny in part the Motion.

**I.   BACKGROUND[1]**

Mr. Farrell was a tenured teacher with ACPS. (Compl. ¶ 13, ECF No. 2). He first worked as a teacher from 2003 to 2007 and then worked as the Coordinator of Safety and Security from 2007

_____

[1] Unless otherwise noted, the Court describes facts taken from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

until his termination in 2015.  (<u>Id.</u> ¶¶ 16, 36).  According to Mr. Farrell, he was a successful teacher and received commendable evaluations for most of his time with ACPS.  (<u>Id.</u> ¶ 18).  Mrs. Farrell was a Health and Family Life Assistant Supervisor with ACPS.  (<u>Id.</u> ¶ 15).  Like Mr. Farrell, Mrs. Farrell experienced success at her position and received commendable evaluations for most of her time with ACPS.  (<u>Id.</u> ¶ 19).

In 2014, Mrs. Farrell ran for elected office with the Board.  (<u>Id.</u> ¶ 21).  Mr. Farrell spoke in support of Mrs. Farrell's campaign.  (<u>Id.</u> ¶¶ 21, 50).  One campaign issue publically discussed leading up to the Board election was a 2013 revision of the Board's communication policy ("Revised Policy"). (<u>Id.</u> ¶¶ 22, 24, 25).  The Revised Policy required all communication between Board employees to go through the Superintendent, Defendant Cox, who enacted the Policy.  (<u>Id.</u> ¶¶ 24, 27).  Mrs. Farrell voiced her opposition to the Revised Policy during her 2014 campaign.  (<u>Id.</u> ¶¶ 22, 26).  She argued that the Revised Policy limited communication and that, instead, the Board should foster communication to further the public interest.  (<u>Id.</u> ¶ 26).  Mr. Farrell also opposed Cox's stance on the Revised Policy.  (<u>See id.</u> ¶ 29).  Later in the 2014 campaign, the Board revised the communication policy again to

remove the 2013 revisions and formally encourage communication between Board employees.  (Id. ¶ 28).

During the 2014 campaign, Defendant Brauer, Mr. Farrell's supervisor, conducted a performance evaluation of Mr. Farrell and found he needed improvement, for the first time, in four categories of his job.  (Id. ¶ 30).  After the election, on January 16, 2015, Defendant Witt, Mrs. Farrell's supervisor, conducted a performance evaluation of Mrs. Farrell and found she needed improvement, for the first time, in three categories of her job evaluation.  (Id. ¶ 31).

In May of 2015, the Board granted Mrs. Farrell's request for leave to receive cancer treatment.  (Id. ¶ 37).  On January 16, 2015, Brauer and Witt required Mr. Farrell to attend a hearing in February of 2015 in order to provide him "due process" -- but did not reveal any additional details about the hearing's purpose.  (Id. ¶ 32).  Witt also told Mr. Farrell that he "doesn't live in a vacuum" at the Board, which Mr. Farrell interpreted as a threat to his employment.  (Id. ¶ 33).  Mr. Farrell never received any notice detailing any charges against him or any evidence that would serve as a basis for employment decisions.  (Id. ¶ 34).

The hearing took place on February 2, 2015, and Mr. Farrell attended with counsel.  (Id. ¶¶ 32, 34).  Mr. Farrell sought additional information regarding any charges against him, notice

of offense, or evidence that would serve as a basis for employment decisions, but neither Witt nor Brauer provided any of that information during the hearing. (Id. ¶ 35). Mr. Farrell objected to the Board's hearing. (Id.). On June 30, 2015, the Board terminated Mr. Farrell's employment with ACPS, citing the elimination of Mr. Farrell's Coordinator of Safety and Security position as its reason. (Id. ¶ 36). When Mrs. Farrell returned from leave in December of 2015, the Board significantly changed her job responsibilities, placing her in a position equivalent to a teacher's classroom assistant. (Id. ¶ 38). She later retired in January of 2016 "solely as a result of the acts and actions" of the Board. (Id. ¶ 39).

On May 17, 2016, The Farrells sued Defendants in the Circuit Court for Allegany County, Maryland. (Compl.). They allege three counts: (1) violation of Mrs. Farrell's First Amendment rights; (2) violation of Mr. Farrell's First Amendment rights; and (3) violation of Mr. Farrell's due process rights under the Fourteenth Amendment to the United States Constitution and under Article 24 of the Maryland Declaration of Rights. (Id.). The Farrells seek monetary damages and retrospective and prospective injunctive relief. On June 21, 2016, Defendants removed the action to this Court. (ECF No. 1). On June 28, 2016, Defendants move to dismiss each claim for failure to state a claim upon which relief may be granted under Federal Rule of

Civil Procedure 12(b)(6).  (ECF No. 6).  On July 22, 2016, the Farrells filed a Response, (ECF No. 11), and on August 8, 2016, Defendants filed a Reply.  (ECF No. 12).

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992)).  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).  Though the plaintiff is not required to forecast evidence to prove the elements of the

claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

## B. **Analysis**

### 1. **Eleventh Amendment Immunity from Suit**

The Farrells bring their claims under § 1983. Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws" of the United States.   42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred."   Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).   To state a claim under § 1983, "a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States."   Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 615 (4th Cir. 2009).

As a threshold matter, the Court must determine which Defendants are amenable to suit under the Eleventh Amendment. At bottom, the Court concludes: (1) the Board is entitled to Eleventh Amendment immunity; (2) Cox, Brauer, and Witt, in their personal capacities, are amenable to suit; (3) Cox, Brauer, and Witt, in their official capacities, are entitled to Eleventh Amendment immunity for damages and retrospective injunctive relief; and (4) Cox, Brauer, and Witt, in their official capacities, are amenable to suit for prospective injunctive relief.[2]

Agencies that are arms of the state, such as boards of education, are entitled to Eleventh Amendment immunity from suit under § 1983.   See, e.g., Shank v. Balt. City Bd. of Sch.

---

[2] The Farrells and Defendants agree with each of these conclusions.

Comm'rs, No. WMN-11-1067, 2014 WL 198343, at *2 (D.Md. Jan. 14, 2014) ("The Eleventh Amendment explicitly bars [the plaintiff's] suit against the Board of Education as a state agency with respect to his federal law claims under [§ 1983] . . ." (alteration in original) (quoting Chi v. Bd. of Educ. of Harford Cnty., No. 93-3569, 1995 WL 131288, at *3 (D.Md. Feb. 6, 1995) (internal quotation marks omitted))).  By contrast, state officials sued in their personal capacities are amenable to suit as "persons" under § 1983.  See, e.g., Williams v. Wicomico Cty. Bd. of Educ., 836 F.Supp.2d 387, 392 (D.Md. 2011) (explaining that § 1983 provides a cause of action in suits against state officials acting in their personal capacity).  Accordingly, the Court will dismiss all of the Farrells' claims against the Board, but the Farrells' claims against Cox, Brauer, and Witt, in their personal capacities, remain.

State officials sued in their official capacity are also entitled to Eleventh Amendment immunity for damages or retrospective injunctive relief.  See, e.g., Lewis v. Bd. of Educ. of Talbot Cty., 262 F.Supp.2d 608, 612 (D.Md. 2003). Accordingly, the Court will dismiss all of the Farrells' claims against Cox, Brauer, and Witt to the extent they are sued in their official capacities for damages or retrospective injunctive relief.  State officials sued in their official capacity, however, are amenable to suit under the Eleventh

Amendment for prospective injunctive relief.  Id.  Thus, the Farrells' claims against Cox, Brauer, and Witt in their official capacities for prospective injunctive relief remain.

In sum, the Court will dismiss the Board and Cox, Brauer, and Witt, in their official capacities to the extent the Farrells seek monetary damages and retrospective injunctive relief.  The Farrells' claims against Cox, Brauer, and Witt remain in their official capacities to the extent the Farrells seek prospective injunctive relief.  Finally, the Farrells' claims against Cox, Brauer, and Witt also remain in their personal capacities.  The Court now turns to the Farrells' claims on the merits against Cox, Brauer, and Witt.

### 2. First Amendment Retaliation

The Farrells each bring retaliation claims under the First Amendment.  The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble."  U.S. Const. amend. I.  The Fourteenth Amendment makes this prohibition applicable to the states.  See Fisher v. King, 232 F.3d 391, 396 (4th Cir. 2000).  The First Amendment protects not only the affirmative right to speak, but also the "right to be free from retaliation by a public official for the exercise of that right."  Adams v. Trs. of the Univ. of N.C.-Wilmington, 640 F.3d 550, 560 (4th Cir. 2011) (quoting

<u>Suarez Corp. Indus. v. McGraw</u>, 202 F.3d 676, 685 (4th Cir. 2000)) (internal quotation marks omitted).

In their Motion, Defendants rely on the Fourth Circuit's three-prong test in <u>Constantine v. Rectors & Visitors of George Mason University</u>, 411 F.3d 474 (4th Cir. 2005) to evaluate the Farrells' First Amendment retaliation claims. While <u>Constantine</u> is instructive for First Amendment retaliation claims brought by private speakers, here, the Farrells are both former government employees. As a result, a more searching standard applies. <u>See Crouse v. Town of Moncks Corner</u>, -- F3d. --, 2017 WL 624166, at *3 (4th Cir. 2017) ("[A] governmental employer may impose certain restraints on the speech of its employees . . . that would be unconstitutional if applied to the general public." (quoting <u>City of San Diego v. Roe</u>, 543 U.S. 77, 80 (2004) (per curiam)) (internal quotation marks omitted)); <u>see generally McVey v. Stacy</u>, 157 F.3d 271, 277-79 (4th Cir. 1998) (describing the standard for First Amendment retaliation claims brought by government employees). The Court now addresses the Farrells' First Amendment claims using this standard.

### i. Sufficiently Retaliatory Actions by the Government Employer

Defendants argue that the Farrells each failed to allege actions that are sufficiently retaliatory under the First

Amendment.[3]   The Court concludes that the Farrells' claims related to their evaluations are not violative of their First Amendment rights.   The Court also concludes, however, that Mrs. Farrell's claim related to her transfer to a teaching assistant position is sufficiently retaliatory under the First Amendment.[4]

For a government employee to invoke protection under the First Amendment's bar on retaliation, the employee must allege that a government employer took a sufficiently retaliatory action against the employee.   The nature of the retaliatory act must be "more than de minimis or trivial."   Suarez, 202 F.3d at 686.   On one hand, a government employer takes a sufficiently retaliatory action against an employee when the employer makes decisions that relate to the "promotion, transfer, recall, and hiring" of the employee based on the employee's exercise of his or her First Amendment rights.   Id. (quoting Rutan v. Republican

---

[3] Defendants make their argument under Constantine's second prong requiring an "action that adversely affected" the speaker's First Amendment Rights.   Constantine, 411 F.3d at 499. Because the Court finds Constantine inapplicable, the Court will apply the standards described in Suarez; those standards also address the scope of retaliatory acts protected by the First Amendment.   202 F.3d at 686.

[4] Defendants also argue that because Mr. Farrell only alleges that the Board eliminated his position, the Court should dismiss Cox, Brauer, and Witt from Mr. Farrell's claims.   (See Compl. ¶ 36).   The Court, however, is required to examine the Complaint as a whole and construe the factual allegations in the light most favorable to Mr. Farrell.   See Albright, 510 U.S. at 268; Lambeth, 407 F.3d at 268 (citing Scheuer, 416 U.S. at 236). The Court, therefore, infers that Mr. Farrell is bringing his claims against the Board as well as Cox, Brauer, and Witt.

_Party_, 497 U.S. 62, 79 (1990).  On the other hand, when the government employer takes an action that simply "critici[zes], false[ly] accus[es], or verbal[ly] reprimands" the employee, the action is insufficiently retaliatory.  _Id._

Here, Defendants argue that the Farrells' claims related to their evaluations are insufficiently retaliatory under the First Amendment.  The Court agrees.  The Farrells allege merely that Defendants violated their First Amendment rights when Defendants provided them "untruthful and unsubstantiated" evaluations. (Compl. ¶¶ 44, 53).  Yet "criticism" and "false accusations" are insufficiently retaliatory.  _Suarez_, 202 F.3d at 686.  Thus, the Court will dismiss Count I and Count II to the extent the Farrells seek relief relating to their evaluations.

Defendants also argue that Mrs. Farrells' claims related to Defendants transferring her to a teaching assistant position are insufficiently retaliatory under the First Amendment.  The Court disagrees.  Mrs. Farrell alleges that after the 2014 Board election, when she returned from leave, Defendants "stripp[ed] from her the job functions and duties of her position" by placing her in a position equivalent to a teacher's classroom assistant.  (Compl. ¶¶ 38, 44).  Defendants' decision to place her in that position is a decision to transfer her.  Thus, the Court will not dismiss Count I to the extent Mrs. Farrell seeks

12

relief relating to her transfer.  See Suarez, 202 F.3d at 686.[5,6]
The Court turns to whether the alleged retaliatory acts meet the
elements for First Amendment retaliation.

### ii.  McVey Three-Prong Test

When government employees claim that their employer
disciplined them because of their speech, the Fourth Circuit
applies a three-prong test to determine whether their employer
violated their First Amendment rights.  McVey, 157 F.3d at 277.
Known as the McVey test, courts determine the following: (1)
whether the employee "was speaking as a citizen upon a matter of
public concern or as an employee about a matter of personal
interest;" (2) whether the employee's interest in speaking
freely outweighs "the government's interest in providing
effective and efficient services to the public," known as the
Pickering balancing; and (3) whether the employee's speech
caused the disciplinary action.  Id. at 277-78; see also Crouse,
2017 WL 624166, at *3 (describing the second prong as the
Pickering balancing test).  The first two prongs are questions
of law, while the third is a factual inquiry.  Crouse, 2017 WL

---

[5] Defendants also argue that because Mrs. Farrell alleges
that she retired "solely as a result of the acts and actions of
the [Board]," the Court should dismiss Cox and Brauer as to her
claim.  (See Compl. ¶ 39).  The Court declines to do so.  See
note 4, supra.
[6] Defendants do not contest that Mr. Farrell's alleged
termination was sufficiently retaliatory under the First
Amendment.

624166, at *3 (citing <u>Brooks v. Arthur</u>, 685 F.3d 367, 371 (4th Cir. 2012)).

Defendants first argue[7] that Mr. Farrell fails to sufficiently state a claim under <u>McVey</u>'s first prong -- whether the employee was speaking as a citizen upon a matter of public concern.[8]  See <u>McVey</u>, 157 F.3d at 277.  The Court disagrees.

Under <u>McVey</u>'s first prong, a government employee speaks upon a matter of public concern when the speech "addresses 'an issue of social, political, or other interest to a community." <u>Ridpath v. Bd. of Governors Marshall Univ.</u>, 447 F.3d 292, 316 (4th Cir. 2006) (quoting <u>Urofsky v. Gilmore</u>, 216 F.3d 401, 406-07 (4th Cir. 2000) (en banc)).  This turns on "the content, form, and context" of the speech "as revealed by the whole record." <u>Hamilton v. Mayor of Balt.</u>, 807 F.Supp.2d 331, 347 (D.Md. 2011) (quoting <u>Connick v. Myers</u>, 461 U.S. 138, 147-48 & n.7 (1983)) (internal quotation marks omitted).  At the Rule 12(b)(6) stage, however, a district court may dismiss a claim "only if 'it appears <u>beyond all doubt</u> that the plaintiff can

---

[7] Defendants make their argument under <u>Constantine</u>'s first prong requiring plaintiffs to "engage[] in protected First Amendment activity." <u>Constantine</u>, 411 F.3d at 499 (citing <u>Suarez</u>, 202 F.3d at 686). Because the Court will not be applying <u>Constantine</u>, the Court will apply Defendants' argument to <u>McVey</u>'s first prong, which also addresses the nature of speech required for First Amendment protection.

[8] Defendants do not contest that the nature of Mrs. Farrell's speech sufficiently states a claim for First Amendment protection.

prove no set of facts in support of his claim that would entitle him to relief." Ridpath, 447 F.3d at 317 (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)) (emphasis added).

Here, Mr. Farrell sufficiently states a claim under McVey's first prong.  Defendants highlight Mr. Farrell's allegation that he "exercised his right of free speech in respect to matters of public importance concerning the operation of the ACPS System," which Defendants argue is conclusory.  (See Compl. ¶ 21).  But within that same paragraph, Defendants overlook Mr. Farrell's allegation specifying that his speech supported Mrs. Farrell's campaign.  (Id.; see also id. ¶ 50).  Elsewhere in the Complaint, Mr. Farrell further specifies that he publicly opposed Cox's stance on the Revised Policy.  (See id. ¶ 29 ("While vindicated in [Mrs. Farrell's] public position concerning the role of communication between public and staff . . . her husband . . . for having opposed the position of [Cox], did not fare well in [his] employment with the [Board].").  Because Mr. Farrell specifies the nature of speech at issue, Defendants' assertion that Mr. Farrell's allegations are conclusory under the first prong is misplaced.

Defendants next argue[9] that both Mr. and Mrs. Farrell fail to sufficiently state a claim under McVey's third prong --

_____

[9] Defendants make their argument under Constantine's third prong requiring a "causal relationship between [the] protected

whether their speech caused the disciplinary action they received.  See McVey, 157 F.3d at 277.  The Court disagrees.

When reviewing a First Amendment retaliation claim at the Rule 12(b)(6) stage, courts "generally infer causation" based on the complaint's allegations because courts are "unable and unwilling to speculate as to the outcome."  Lane v. Anderson, 660 F.App'x 185, 193 (4th Cir. 2016) (quoting Tobey v. Jones, 706 F.3d 379, 391 (4th Cir. 2013)) (internal quotation marks omitted).  Here, Mr. Farrell alleges that after he opposed the Revised Policy and otherwise supported Mrs. Farrell's campaign, Defendants eliminated Mr. Farrell's Coordinator of Safety and Security position.  (Compl. ¶ 36).  Mrs. Farrell alleges that after she opposed the Revised Policy, Defendants changed significantly her job responsibilities, placing her in a position equivalent to a teacher's classroom assistant.  (Id. ¶ 38).  Based on these allegations, the Court infers causation. See Lane, 660 F.App'x at 193.  Thus, the Court concludes the Farrells sufficiently state a claim under McVey's third prong.

The Court, therefore, concludes that the Farrells sufficiently state a claim under the McVey test for their surviving First Amendment claims against Cox, Brauer, and Witt.

---

activity and the defendants' conduct."  Constantine, 411 F.3d at 499 (citing Suarez, 202 F.3d at 686).  Because the Court will not be applying Constantine, the Court will apply Defendants' argument to McVey's third prong, which also addresses causation.

In sum, the Court will dismiss the Farrells' claims to the extent they seek relief for claims related to their evaluations. The Farrells' claims that seek relief related to Mrs. Farrell's transfer and Mr. Farrell's termination, however, remain against Cox, Brauer, and Witt in their personal capacities because the Farrells sufficiently state a claim under McVey.

## C.   **Procedural Due Process**

The remaining issue is Mr. Farrell's claim under the Fourteenth Amendment's due process clause and Article 24 of the Maryland Declaration of Rights.  The Court concludes Mr. Farrell sufficiently states a claim because he alleges that he was a tenured teacher.

The Constitution protects individuals against deprivation by the State of their liberty or property without due process of law. U.S. Const. amends. V, XIV.  In considering any due process claim, the starting point is identifying a constitutionally protected property interest.  Gardner v. City of Balt. Mayor, 969 F.2d 63, 68 (4th Cir. 1992); see Frall Developers, Inc. v. Bd. of Cty. Comm'rs for Frederick Cty., No. CCB-07-2731, 2008 WL 4533910, at *8 (D.Md. Sept. 30, 2008) ("[T]he 'starting point' for analyzing any procedural due process claim is to determine whether the plaintiff has a protected property interest 'sufficient to trigger federal due process guarantees." (quoting Scott v. Greenville Cty., 716 F.2d 1409, 1418 (4th Cir. 1983))).

State or local government employees have a constitutionally protected property interest in continued public employment only if they can show a "legitimate claim of entitlement" to their job under state or local law. Luy v. Balt. Police Dept., 326 F.Supp.2d 682, 689 (2004) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577-78 (1972)) (internal quotation marks omitted). The employment rights of a tenured teacher constitute a sufficient property interest to warrant due process protection. See Kalme v. W. Va. Bd. of Regents, 539 F.2d 1346, 1348 (4th Cir. 1976) (citing Roth, 408 U.S. 564 (1972); Slochower v. Bd. of Educ., 350 U.S. 551 (1956)) (holding that the rights of a tenured professor sufficiently constitutes a property interest entitled to due process protection).

Here, Mr. Farrell alleges that he "was, at all times relevant to these proceedings, a tenured teacher in the ACPS system." (Compl. ¶ 13). Defendants argue that Mr. Farrell's assertion that he was a tenured teacher is an unsupported legal conclusion. Defendants further argue that Mr. Farrell fails to allege that his tenured status carried over from his teaching position to his position as Coordinator of Safety and Security. Mr. Farrell argues that his assertion of possessing tenure is a factual allegation -- rather than a legal conclusion -- and that arguing otherwise amounts to a factual dispute. The Court agrees with Mr. Farrell.

In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 539 n.5 (1985), the Supreme Court rejected an argument similar to Defendants'. There, the Cleveland Board of Education argued Loudermill did not have tenure because he lied on his job application. Id. The Court rejected the Cleveland Board of Education's argument, treating Loudermill's tenure allegation as a factual one. See id. The Court explained, inter alia, that the Cleveland Board of Education made a "factual assumption" by arguing Loudermill lied, an assumption "inconsistent with the allegations of the complaint and inappropriate at this stage of the litigation." Id. Similarly, here, the Board's assertion that Mr. Farrell did not actually possess tenure is likewise a factual assumption -- not a legal conclusion -- that contradicts Mr. Farrell's allegation that he "at all times relevant to these proceedings" possessed tenure. (Compl. ¶ 13). Thus, whether Mr. Farrell possessed tenure is a question appropriately considered only at a later stage of the litigation. See Loudermill, 470 U.S. at 563 n.5. Accordingly, the Court will deny the Motion as to Mr. Farrell's procedural due process claim.[10]

---

[10] For the aforementioned reasons, the Court will deny the Motion as to Mr. Farrell's claim under Article 24 of the Maryland Declaration of Rights. Generally, Article 24 due process claims are read in pari materia with Fourteenth Amendment due process claims, except in limited circumstances when Article 24 may be interpreted more broadly. Ross v. Cecil

### III. CONCLUSION

For the foregoing reasons, the Court will GRANT in part and DENY in part Defendants' Motion (ECF No. 6). The Court will GRANT the Motion as to the Board. The Court will also GRANT the Motion as to Cox, Brauer, and Witt in their official capacities to the extent the Farrells seek damages or retrospective injunctive relief. The Court will GRANT the Motion to the extent the Farrells seek relief for claims related to their evaluations.

The Court will DENY the Motion to the extent the Farrells seek prospective injunctive relief against Cox, Brauer, and Witt in their official capacities and to the extent the Farrells seek relief against them in their personal capacities. The Court will also DENY the Motion to the extent the Farrells seek relief related to Mrs. Farrell's transfer and Mr. Farrell's termination. The Court will direct the Clerk to TERMINATE the Board of Education of Allegany County as a Defendant in this case. Finally, the Court will order Cox, Brauer, and Witt to file an Answer within fourteen days of the date of the Court's Order. A separate Order follows.

---

Cty. Dep't of Soc. Servs., 878 F.Supp.2d 606, 622 (D.Md. 2012) (citing Koshko v. Haining, 921 A.2d 171, 194 n.22 (Md. 2007)). Because the Court denies the Motion as to Mr. Farrell's Fourteenth Amendment due process claim, it necessarily follows that the Court will deny the Motion as to his Article 24 claim, which offers greater protections.

Entered this 21st day of March, 2017

                              /s/
                    _____
                    George L. Russell, III
                    United States District Judge